IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES C. BAILY,

        Plaintiff,

  vs.                                     Civil Action 2:13-cv-344
                                              Judge Marbley
                                              Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

<u>REPORT AND RECOMMENDATION</u>

     This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. On May 30, 2014, this Court reversed the decision of the Commissioner and remanded the action to the Commissioner for further proceedings. *Order*, Doc. No. 24. Final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g) was entered that same date. *Judgment*, Doc. No. 25. This matter is now before the Court for consideration of plaintiff's *Application for Attorney Fees Under the the Equal Access to Justice Act ("EAJA")* ("*Plaintiff's Motion*"), Doc. No. 28. Plaintiff specifically seeks an award of $3,243.75 in attorney's fees for 17.30 hours of work compensated at an average hourly rate of $187.50 per hour and expenses of $12.00. *Plaintiff's Motion*, p. 3, Exhibit A. The Commissioner has not filed a response to *Plaintiff's Motion*. For the reasons that follow, it is **RECOMMENDED** that *Plaintiff's Motion* be **GRANTED**.

**II.   STANDARD**

     The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes

1

an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

### III. DISCUSSION

This action was remanded to the Commissioner and final judgment was entered pursuant to Sentence 4 of 42 U.S.C. § 405(g) on May 30, 2014. *See Order*, Doc. No. 24; *Judgment*, Doc. No. 25. Plaintiff is a "prevailing party" under the EAJA because she received a Sentence 4 remand order. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). *Plaintiff's Motion* was also filed within 30 days of final judgment, as required under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B); *Fugate v. Comm'r of Soc. Sec.*, No. 3:11-cv-390, 2013 WL 8229840, at *1 (S.D. Ohio May 24, 2013) ("'Final judgment' occurs at the end of the sixty-day period to file an appeal under Fed. R.App. P. 4(a)(1)(B).") (citing *Peters v. Sec'y of Health & Human Servs.*, 934 F.2d 693, 694 (6th Cir. 1991)).

This Court reversed the decision of the Commissioner and remanded the

matter for further consideration of Listing 12.05C because there was insufficient evidence in the record to support the administrative law judge's finding that plaintiff's IQ scores were representative of a learning disability rather than an intellectual disability. *See Order*, Doc. No. 24; *Report and Recommendation*, Doc. No. 23, pp. 15-16. The Commissioner does not argue that its position was substantially justified. The Court therefore concludes that the position of the Commissioner was not substantially justified and that an award of fees under the EAJA is warranted. *See United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) ("[U]nder the EAJA it is the government's burden to prove that its position was substantially justified.").

Having determined that attorneys' fees should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.). Plaintiff seeks an award of attorneys' fees in the amount of $3,243.75 for 17.30 hours of work compensated at a rate of $187.50 per hour. *Plaintiff's Motion*, p. 3, Exhibit A.

An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545,

547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Once a court has examined the prevailing market rate, the court must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases. 28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate will not suffice. *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted the declaration of his attorney, Gregory R. Mitchell, and an exhibit computing the cost of living increase for EAJA awards since March 1996. *Plaintiff's Motion*, Exhibits A, C. The declaration of plaintiff's attorney represents that he is a partner at a law firm in Columbus, Ohio, with a normal hourly rate of $200.00. *Plaintiff's Motion*, Exhibit A. Courts in this Circuit

are "more inclined to grant [a] request for an increase in the hourly rate" when the plaintiff submits evidence, beyond his attorneys' own affidavit, "to support what the prevailing market rate is in the . . . area, such as affidavits from other attorneys who practice in federal court and/or publications that discuss the prevailing market rate."  See *Delver v. Astrue*, No. 1:06cv266, 2011 U.S. Dist. LEXIS 119591, at *7-8 (S.D. Ohio Sept. 9, 2011). See also *Ball v. Astrue*, No. 1:09-cv-684, 2011 U.S. Dist. LEXIS 119683, at *11 (S.D. Ohio Sept. 21, 2011) (limiting the hourly fee to the statutory rate of $125.00 where plaintiff failed to submit sufficient evidence supporting the requested increase); *Wise v. Astrue*, No. 2:09-cv-355, 2010 U.S. Dist. LEXIS 133675 (S.D. Ohio Dec. 7, 2010); *Harris v. Astrue*, No. 3:09cv92, 2010 U.S. Dist. LEXIS 109981 (S.D. Ohio Sept. 30, 2010).  Although plaintiff has not presented evidence documenting the prevailing market rate for attorneys in Columbus, Ohio, the Court takes judicial notice of its own records that attorneys have routinely been awarded fees under the EAJA in excess of the $125.00 statutory cap based on cost of living increases.  See, e.g., *Simpson v. Comm'r of Soc. Sec.*, No. 2:13-cv-164, 2014 WL 794753 (S.D. Ohio Feb. 27, 2014).  The Court also notes that plaintiff's counsel has lengthy experience in this Court representing plaintiffs in Social Security disability appeals, and that, in the last six months, the Commissioner has stipulated to an award of EAJA fees in an amount higher than the fees sought here in at least three cases involving plaintiff's counsel.  See *Colmer v. Comm'r of Soc. Sec.*, No. 2:13-cv-564 (S.D. Ohio); *France v. Comm'r of Soc. Sec.*, No. 2:13-cv-421 (S.D. Ohio); *Kershner v. Comm'r of Soc. Sec.*, No. s:13-cv-65 (S.D. Ohio).

Although the Court would prefer that plaintiff submit evidence of his counsel's qualifications and the prevailing hourly rate for attorneys with comparable skill, experience, and reputation, the Court is satisfied here that counsel's hourly rates are, indeed, in line with the prevailing rates in the community.

Plaintiff also seeks expenses of $12.00 for copying plaintiff's *Statement of Errors* and for postage and copying *Plaintiff's Motion*. *Plaintiff's Motion*, Exhibit B. Plaintiff's unopposed request in this regard is likewise meritorious.

For the foregoing reasons, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 28, be **GRANTED.** It is **SPECIFICALLY RECOMMENDED** that plaintiff be awarded an attorney fee under the Equal Access to Justice Act in the total amount of $3,243.75, plus $12.00 in expenses, for a total award of $3,255.75.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 27, 2014                                  *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge